Argued and submitted October 31, 1989, affirmed in part, reversed and remanded in part January 31, 1990

NORTHWEST MEDICAL LABORATORIES, INC.,
*Appellant,*

*v.*

GOOD SAMARITAN HOSPITAL
AND MEDICAL CENTER et al,
*Respondents.*

(OTC 2271; SC S35293 (Control))

NORTHWEST MEDICAL LABORATORIES, INC.,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent,*

GOOD SAMARITAN HOSPITAL
AND MEDICAL CENTER et al,
*Intervenors-Respondents.*

(OTC 2606; SC S35294)

NORTHWEST MEDICAL LABORATORIES, INC.,
*Appellant,*

*v.*

HEALTHLINK et al,
*Respondents.*

(OTC 2607; SC S35295)
(Cases Consolidated on Appeal)

786 P2d 718

Michael J. Morris, of Bennett, Hartman, Tauman & Reynolds, P.C., Portland, argued the cause and filed the briefs for appellant.

James H. Clarke, of Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland, argued the cause for respondents Emanuel Hospital, Metropolitan Hospitals, Inc., and Healthlink. On the brief was Thomas W. Sondag, Portland.

Ridgway K. Foley, Jr., of Schwabe, Williamson & Wyatt, Portland, argued the cause for respondent Good Samaritan Hospital and Medical Center. With him on the brief were James M. Finn and Elizabeth Duncan Ryan, Portland.

William R. Knuths, of Miller, Nash, Wiener, Hager & Carl sen, Portland, filed the brief for respondent Providence Medical Center.

Ted E. Barbera, Senior Assistant Attorney General, Salem, argued the cause for respondent Department of Revenue. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

No appearance for respondents Portland Adventist Center, James P. Wilcox, and C.R. Sheffield.

PETERSON, C. J.

## PETERSON, C. J.

This case concerns three related property tax appeals. The principal question is whether a person other than the property owner has standing to dispute the exemption of the property owner's real or personal property from taxation.

The defendants in these actions are: Good Samaritan Hospital and Medical Center (Good Samaritan), Providence Medical Center (Providence), Portland Adventist Center (Adventist), Emanuel Hospital (Emanuel), Metropolitan Hospitals, Inc.(HealthLink)[1] (hereafter collectively referred to as "the defendants") and the Multnomah County Assessor (hereafter "the assessor"). The defendants are hospitals or hospital-related corporations that operate on a nonprofit basis and who applied for and received exemptions from *ad valorem* property taxation in Multnomah County.

From the record and the Tax Court opinion, it appears that the plaintiff, Northwest Medical Laboratories, operates a medical laboratory for profit in Multnomah County. The laboratory receives and analyzes specimens from the patients of local physicians and reports the results to the physicians. So do the defendants. The plaintiff asserts that the defendants are soliciting referrals from local physicians, and are "engaging in a wide range of commercial enterprises utilizing tax exempt property," including commercial laboratory services for revenue-producing purposes. This, the plaintiff claims, competes with the plaintiff's business. The plaintiff filed three separate actions in the Oregon Tax Court, each questioning the propriety of some or all of the defendants' tax exemptions on their respective properties.

A. Case 2606 (Mandamus)

In late 1984, the plaintiff filed a mandamus action in the Tax Court pursuant to ORS 311.215[2] asking the court to

---

[1] After the filing of Case 2271 but before Case 2607 was filed, Metropolitan Hospitals, Inc. changed its name to HealthLink. Metropolitan will therefore be referred to as HealthLink.

[2] ORS 311.215 in part states:

"If any officer described in ORS 311.207 to 311.213 fails to comply with ORS 311.207 to 311.213 on the discovery by the officer, or on credible information being furnished by another person, that property has been omitted from taxation, the state, on the relation of any state officer or of any taxpayer of the county in which the failure occurs, may proceed against the officer in any court of competent jurisdiction by mandamus to compel the officer to comply with ORS 311.207 to 311.213."

order the assessor to include the defendants' laboratory properties on the tax rolls in accordance with ORS 311.207 to 311.211[3], or show cause why he had not done so. In December 1985, the Tax Court issued a peremptory writ directing the assessor to give notice as provided in ORS 311.209 and to make a determination as provided in ORS 311.211. After reviewing information supplied by the defendants, the assessor concluded that the defendants' laboratory properties indeed were exempt from *ad valorem* taxation and declined to add the properties to the tax rolls.

The plaintiff appealed the assessor's decision to the Director of the Department of Revenue (the department). ORS 305.275(1) permits "[a]ny person aggrieved by an act or omission of * * * a county assessor * * * which affects the property of the person and for which there is no other statutory right of appeal, [to] appeal to the Director of the Department of Revenue * * *." The department dismissed the appeal concluding that the plaintiff lacked standing to appeal under ORS 305.275(1).

The plaintiff immediately appealed the department's order of dismissal to the Tax Court. ORS 305.570 allows "[a]ny taxpayer * * * aggrieved by and directly affected by an order of [the department], and any taxpayer whose property is affected by [such] order * * * made to a county assessor" to

---

[3] We note an ambiguity in the second sentence of ORS 311.215(1). The sentence reads: "If judgment is rendered that credible information has been discovered by or furnished to the officer, or that the officer has reason to believe that property has been omitted from taxation, the officer shall forthwith *place the omitted property on the assessment and tax roll* in accordance with ORS 311.207 to 311.215." (Emphasis added.) The Tax Court apparently construed the sentence to mean that the assessor should forthwith proceed under ORS 311.207 to 311.215 to determine whether the property should be placed on the tax roll, and issued a peremptory writ accordingly. We agree with the Tax Court's construction of the statute.

ORS 311.207 provides that upon receipt of "credible information, or if the assessor has reason to believe that any real or personal property * * * has from any cause been omitted, in whole or in part, from assessment and taxation * * * the assessor shall give notice as provided in ORS 311.209."

ORS 311.209 requires that the assessor give notice of the assessor's intention to add omitted property to the assessment rolls and permits the property owner to show cause why his or her property should not be included.

ORS 311.211 states that if the notified party "fails to show any good and sufficient cause why the assessment shall not be made, the assessor shall proceed to correct the assessment or tax roll or rolls from which the property was omitted" and to add the property to the tax roll.

appeal to the Oregon Tax Court. Defendants Good Samaritan and Providence intervened and moved to dismiss the complaint arguing that the plaintiff lacked standing to appeal the assessor's determination to the department and to the Tax Court. The Tax Court granted the motions and dismissed the plaintiff's complaint. The Tax Court then allowed the plaintiff's petition for reconsideration and clarification. At that point the department moved for summary judgment. The Tax Court, again on the basis that the plaintiff lacked standing, ordered its prior order of dismissal withdrawn and granted the department's motion for summary judgment and the intervenors' motions to dismiss. The plaintiff appeals from this decision.

■     "Standing," in the context of an administrative appeal, means that the person invoking the jurisdiction of a tribunal or administrative body (here, the Department of Revenue) has met the requirements of the appeal statute. Apart from statute, there is no right of administrative appeal. In this case, as in all cases involving administrative bodies such as the department, a person has "standing" to invoke the aid of the administrative body if a statute allows the person to do so, and the person meets the standing requirements of the statute. *See Benton County v. Friends of Benton County,* 294 Or 79, 82-83, 653 P2d 1249 (1982).

The applicable statute in Case 2606 is ORS 305.275(1). It states:

"(1)   Any person aggrieved by an act or omission of:

"(c)   A county assessor * * *

"which affects the property of the person and for which there is no other statutory right of appeal, may appeal to the Director of the Department of Revenue * * *."

To appeal to the department under this statute, the plaintiff must meet three distinct preconditions. The plaintiff must show: (1) that the plaintiff is "aggrieved by an act or omission of" the county assessor; (2) that the act or omission "affects the property" of the aggrieved plaintiff; and (3) that "no other statutory right of appeal" is available. We hold that in Case 2606 the plaintiff has met the statutory requirements.

1. "Aggrieved by an act or omission"

The term "aggrieved" appears in many statutes involving appeals from decisions of government bodies. Although a precise and uniform definition has not been given the term "aggrieved" in the context of ORS 305.275(1), basic characteristics of "aggrievement" have been identified by this court. To be "aggrieved" is to be something more than just dissatisfied with a result. It is to have an interest in the outcome — an interest beyond that shared with the general public — such as pecuniary or other interest peculiar to the person who claims to be aggrieved. One indication that a person has a sufficient interest in the outcome so as to be "aggrieved" is the recognition of that interest by the legislature by a statute granting standing. *Marbet v. Portland Gen. Elect.*, 277 Or 447, 453, 457, 561 P2d 154 (1977). *See also Jefferson Landfill Comm. v. Marion Co.*, 297 Or 280, 686 P2d 310 (1984) and *Benton County v. Friends of Benton County, supra.*

■ Contrary to the general rule that taxpayer status alone does not confer standing,[4] ORS 311.215 grants standing to any taxpayer to bring a mandamus proceeding to compel an assessor to include omitted property of another taxpayer on the tax roll. The plaintiff is a person recognized by the legislature as appropriate to institute the mandamus proceedings. ORS 311.215 expressly permits any "taxpayer" to file a mandamus proceeding to compel an assessor to comply with his or her duties under ORS 311.207 to 311.213. The plaintiff here was successful in that it obtained a peremptory writ. It was ultimately unsuccessful, however, because the defendants' laboratories were not included on the tax rolls. The legislature's express recognition in ORS 311.215 that the plaintiff could bring the mandamus proceeding and the assessor's subsequent denial of the relief that the plaintiff was seeking are sufficient to meet the statutory requirement that the plaintiff is "aggrieved by an act or omission" of the assessor. As in

---

[4] Generally, in the absence of statute, taxpayer standing alone does not create standing to complain of underassessment or overassessment of the property of another. *See* cases collected in 9 ALR4d 428 (1981). The Tax Court has previously held that merely because a taxpayer has a higher tax burden as a result of an assessor's ruling concerning other property does not make the taxpayer "aggrieved" under a statute that requires aggrievement in order to appeal. *Brummell v. Dept. of Rev.*, 4 OTR 168 (1970).

*Marbet, supra,* 277 Or at 457, the plaintiff herein has "an interest that the legislature wished to have considered."

"Aggrievement" is only the first standing requirement to appeal an assessor's decision to the department. The plaintiff must also demonstrate that there is something more at stake. We turn then to the second requirement of ORS 305.275(1): the assessor's act or omission must "[affect] the property of the person."

### 2. "Affects the property of the person"

■    Arguably, the plaintiff can establish that its property has been affected by the assessor's decision because the plaintiff owns property located in the same county as defendants' property, because the plaintiff's property is devoted to the same use as the property of the defendants that the assessor exempted from taxation, and because the plaintiff and the defendants directly compete against each other for the same business — obtaining patients' specimens from local doctors for analysis and reports. Its cost of doing business is greater than that of its competitor as a result of the assessor's determination, and the plaintiff arguably has standing because of that fact. We need not employ this reasoning, however, for the analysis on the "affects the property" issue is much the same as the analysis on the "aggrieved" issue.

The appeal statute here involved, ORS 305.275, likely was passed without ORS 311.215 in mind. Because the legislature did not provide for taxpayer standing in ORS 305.275(1), but did provide for taxpayer standing in ORS 311.215, it seems likely that the legislature intended that a taxpayer in the position of the plaintiff here — who obtained a peremptory writ under ORS 311.215, but who ultimately failed to obtain the relief sought upon further consideration by the assessor under ORS 311.207, 311.209 and 311.211 — would be entitled to appeal under ORS 305.275(1) by reason of taxpayer standing alone. We emphasize that this ruling applies to a small class of cases, cases in which the claim is instituted by a taxpayer as a mandamus claim under ORS 311.215 to place omitted property on the tax roll, who obtains a peremptory writ and who later "loses" when the assessor declines to place the property on the tax roll.

### 3. "No other statutory right of appeal"

The final statutory standing requirement that must be met is that there is no other statutory right of appeal. There is no issue on this point. The parties agree that there is no other statutory right of appeal available to the plaintiff. We agree with the parties.

### B. Case 2271 (Declaratory Judgment)

■  In 1985, while the mandamus proceeding was in progress (following the Tax Court's issuance of the alternative writ, but before the issuance of the peremptory writ and the assessor's ultimate determination), the plaintiff filed an action in the Tax Court seeking a declaration that the property of defendants Good Samaritan, Providence, Adventist and Emanuel that was and is "used for commercial enterprise" be declared subject to real and personal property tax. The plaintiff also urged the Tax Court to enjoin the assessor from exempting such property from taxation. The Tax Court dismissed the plaintiff's complaint because the plaintiff had failed to exhaust its administrative remedies.

ORS 305.275(4), absent certain exceptions enumerated in the statute, provides:

> "no person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department unless the person *first exhausts the administrative remedies* provided before the department and the director." (Emphasis added.)

Because we today acknowledge plaintiff's standing to appeal to the department pursuant to ORS 305.275(1), an administrative remedy, we affirm the Tax Court's dismissal of the complaint in Case 2271. The plaintiff must first pursue its administrative remedy with the department.

### C. Case 2607 (Declaratory Judgment)

In 1987, the plaintiff filed a similar complaint to that filed in 1985, seeking a declaration that the portion of defendant HealthLink's property that was and is "used for commercial enterprise" be subject to taxation, and requested that the assessor be enjoined from exempting such property. In this complaint the plaintiff alleged that it had "exhausted its administrative remedies," pointing out that it was foreclosed

from agency review by the department's ruling. Again, the Tax Court dismissed the complaint, this time because a second action (Case 2606, the mandamus action) was pending in the Tax Court for the same cause.

The Tax Court's dismissal of the complaint in Case 2607 also is affirmed. The issues raised by the complaint in Case 2607 are asserted in Case 2606.

D.  Conclusion

The decision of the Tax Court in Case 2606 and the department's decision in the prior proceeding (Department of Revenue No. 86-1603) are reversed. This case is remanded to the Department of Revenue to consider the merits of the plaintiff's appeal. The decision of the Tax Court in Case 2271 is affirmed. The decision of the Tax Court in Case 2607 is affirmed.