# IN THE OREGON TAX COURT

C. Lynn HERMO,
Sam Melsheimer, Everett R. Roose, Lucy L. Roose,
Jim Schmauder, Henry G. Gerdes,
Maralyn J. Geddes, Shelley M. Waters,
Perry J. Boyd, and Gary Kreutz

*v.*

## CITY OF LINCOLN CITY

(TC 3127)

C. Lynn Hermo, appeared on behalf of plaintiffs.

Joan M. Chambers, Lincoln City, represented defendant.

Order dismissing plaintiffs' complaint entered September 13, 1991.

### CARL N. BYERS, Judge.

This matter is before the court on defendant's Tax Court Rule 21 Motions (to Dismiss and to Strike). The court heard oral arguments on September 10, 1991.

Plaintiffs' complaint alleges they are ten interested taxpayers seeking relief under provisions of the Local Budget Law (ORS 294.305-294.565). Plaintiffs claim that defendant violated various provisions of the Local Budget Law and request the court to reduce defendant's General Fund levy, and for other relief.

While defendant's motion covers several points, the first that must be addressed is jurisdiction. Defendant contends that two of the plaintiffs, Jim Schmauder and Sam Melsheimer, do not qualify as "interested taxpayers" as required by ORS 294.485(2). At oral argument, the parties agreed that those two plaintiffs do not have a legal or equitable interest in taxable property in the city. They are tenants by virtue of renting both residential and commercial property in the city. Those two plaintiffs also claim that as owner-operators of businesses within the city they pay a "business tax" which qualifies them as interested taxpayers.

ORS 294.485(2) provides:

> "The county assessor, county court, board of county commissioners, the Department of Revenue, Tax Supervising and Conservation Commission or *10 interested taxpayers* may appeal to the Oregon Tax Court * * *." (Emphasis added.)

In *Napier v. Lincoln Co. School Dist.*, 4 OTR 221, 226 (1970), this court found that an equitable owner of real property subject to local taxation is an "interested taxpayer" for purposes of ORS 294.485.

Plaintiffs seek a broader meaning for the term "interested taxpayer." They claim that, as tenants of real property, Schmauder and Melsheimer have an interest in the property and pay property taxes indirectly. Plaintiffs believe this comes within the statutory requirement. However, this interpretation would make the term almost meaningless. This interpretation would cover the tourist who rents lodging in a motel or who buys a can of soda pop because the tourist indirectly pays property taxes. The court does not believe that this is the kind of "interest" the legislature intended in using the term "interested" taxpayer. The word "interested" suggests more than concern, attention or curiosity. It connotes a

vested or direct pecuniary detriment or benefit that will result from the tax levy being challenged.

It is worth noting that most statutes describing a taxpayer's standing to sue require the taxpayer to be "aggrieved." *See, for example,* ORS 305.175(1); ORS 305.570(1). *See also NW Medical Lab. v. Good Samaritan Hospital*, 309 Or 262, 268, 786 P2d 718 (1990). Being aggrieved is having "an interest beyond that shared with the general public — such as pecuniary or other interest peculiar to the person being aggrieved." The individual who pays taxes indirectly by virtue of patronizing a business or renting property is not sufficiently affected to permit them to appeal.

■ A similar analysis applies to plaintiffs' claims of being interested taxpayers by virtue of paying defendant's business occupation tax. The business occupation tax, Chapter 5.04 of the Lincoln City Municipal Code, is not a property tax and is not part of the levy being challenged. People who pay the business occupation tax may be indirectly affected by the property taxes levied by defendant. Defendant may raise or lower the business occupation tax depending upon its property tax revenue. However, an indirect interest in the tax levy is not sufficient to qualify a person as an "interested taxpayer."

Based upon the above, the court finds that Jim Schmauder and Sam Melsheimer are not "interested taxpayers" as required by ORS 294.485(2). Accordingly, defendant's Motion to Dismiss must be granted. This renders moot all other issues raised by defendant's motion. Now, therefore,

IT IS HEREBY ORDERED that defendant's Motion to Dismiss is granted; and

IT IS FURTHER ORDERED that neither party recover costs.