315

Argued and submitted January 16, order of the Tax Court affirmed May 22, 1997

STATE OF OREGON ex rel
Theodore A. TOSTERUD,
*Respondent,*

*v.*

Janice DRUIAN,
Director, Multnomah County Division
of Assessment and Taxation,
or her successor in office,
*Respondent,*

*and*

LEGACY HEALTH SYSTEM,
Legacy Good Samaritan Hospital and Medical Center,
and Sisters of Providence in Oregon,
an Oregon Nonprofit Corporation dba
Providence Portland Medical Center,
*Appellants.*

(OTC 3891; SC S43104)

937 P2d 1015

James N. Finn, Portland, argued the cause on behalf of appellants Legacy Health System and Legacy Good Samaritan Hospital and Medical Center. With him on appellants' joint briefs were Peter A. Ozanne and Schwabe, Williamson & Wyatt, Portland.

Joyce M. Bernhein, Portland, argued the cause on behalf of appellant Sisters of Providence in Oregon, dba Providence Portland Medical Center. With her on appellants' joint briefs were James N. Westwood and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Michael J. Morris, of Bennett, Hartman, Reynolds & Wiser, Portland, argued the cause and filed the brief on behalf of respondent Theodore A. Tosterud.

Sandra N. Duffy, Multnomah County Counsel, Portland, waived appearance on behalf of respondent Janice Druian, Director, Multnomah County Division of Assessment and Taxation.

KULONGOSKI, J.

## KULONGOSKI, J.

This is a direct appeal from the Oregon Tax Court's denial of several motions to intervene in a mandamus proceeding. For the reasons that follow, we affirm the Tax Court's order.

Relator is a taxpayer who filed a petition for an alternative writ of mandamus in the Tax Court, pursuant to ORS 311.215,[1] alleging that Janice Druian, in her capacity as Director of Assessment and Taxation for Multnomah County (the director), failed to place several hospitals (the hospitals)[2] on the tax rolls that were not entitled to property tax exemptions. The Tax Court issued an alternative writ of mandamus and scheduled a return date for a show cause hearing.

At the show cause hearing, relator presented information that, he argued, established that the hospitals should be added to the tax rolls. The director did not contest that information, but argued instead that her office lacked the resources to carry out the statutory requirements for adding a property to the tax rolls—such as valuing the hospitals' property—until she was assured that the property was taxable.

A month after the show cause hearing, and while the matter was still under advisement in the Tax Court, the hospitals became aware of the mandamus proceeding. They moved to intervene, asserting that relator had not supplied the court with "credible information" to support his claim that the hospitals should be added to the tax rolls. The Tax Court denied the motions to intervene[3] and issued a peremptory writ of mandamus, pursuant to ORS 311.207,[4] ordering

---

[1] ORS 311.215 provides that "any taxpayer" may bring a mandamus proceeding in a "court of competent jurisdiction" against an officer that, upon the receipt of "credible information," fails to conduct a hearing to assess whether a property should be added to the tax rolls. *See NW Medical Lab. v. Good Samaritan Hospital,* 309 Or 262, 266 n 3, 786 P2d 718 (1990) (interpreting statute). ORS 34.120 provides that the Tax Court "shall have jurisdiction in mandamus proceedings in all cases involving tax laws."

[2] Six hospitals were named in the petition, and three have appealed the case to this court. For ease of reference, we refer to appellants as "the hospitals" in this opinion.

[3] The Tax Court specified no grounds upon which it denied the motions to intervene.

[4] ORS 311.207(1) provides:

the director to issue notice to the hospitals, as provided by ORS 311.209,[5] requiring the hospitals to show cause why they should retain their tax-exempt status. The Tax Court concluded that relator had produced "credible information" to support his claim that the hospitals were not entitled to property tax exemptions:

> "The information * * * is credible in the sense of being trustworthy because the information was furnished by the hospitals to a government agency. The information is also credible in the sense that it directly relates to the question of whether the property is used exclusively for charitable purposes."

The hospitals moved for recall of the peremptory writ and reconsideration of its issuance on the ground that relator had failed to provide "credible information" to support the writ. In March 1996, the Tax Court denied those motions. The hospitals now appeal from the orders denying their motions to intervene.[6]

The hospitals argue that both ORS 34.130(4) and Tax Court Rule (TCR) 33 C govern the intervention of parties in a mandamus proceeding in the Tax Court and that both the statute and the rule authorize the Tax Court to allow them to intervene in this case. The hospitals also argue that, if the statute and the rule are interpreted to conflict, the statute takes precedence over the rule.

---

"Whenever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property, including property subject to assessment * * * has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls * * * the assessor shall give notice as provided in ORS 311.209."

[5] ORS 311.209 provides, in part:

"Notice shall be given to the person claiming to own the property or occupying it or in possession thereof of the assessor's intention to add the property to the assessment or tax roll and to assess the property in such person's name. * * * [The notice] shall describe the property in general terms, and require the person to appear at a specified time, not less than 20 days after mailing the notice, and to show cause, if any, why the property should not be added to the assessment and tax roll and assessed to such person."

[6] The hospitals also appeal from the orders denying their motions to reconsider the issuance of the peremptory writ. However, at oral argument, the hospitals conceded that if the Tax Court did not err in denying their motions to intervene—as we conclude here—then their motions to reconsider would be moot due to lack of standing.

■       ORS 34.130(4) provides, in part:

> "At any time subsequent to the return date of [an] alternative writ [of mandamus], the court in its discretion may allow an adverse party to intervene."

It is undisputed that the hospitals qualify as "an adverse party"[7] and that they sought to intervene *after* the return date of the alternative writ of mandamus.[8] The word "may" in the text of ORS 34.130(4) makes clear that the Tax Court had discretion to allow the hospitals' motions to intervene. Therefore, if ORS 34.130(4) governs this case, then we review the Tax Court's denial of the motions to intervene for an abuse of discretion.

Relator argues that TCR 33 C governs whether the hospitals may intervene in this mandamus proceeding. That rule provides:

> "At any time before trial, any person who has an interest in the matter in litigation may, by leave of court, intervene. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Relator argues that the show cause hearing in this case constituted a "trial" for the purposes of that rule. From that premise, relator reasons that the hospitals failed to file a timely motion to intervene, because their motions were not filed "before trial."

Relator's argument is unpersuasive. We need not decide whether the show cause hearing in this mandamus proceeding constituted a "trial" under TCR 33 C because, even assuming that it did, ORS 34.130(4) still would govern this proceeding. The Tax Court is authorized only to promulgate rules that conform "as far as practical to the rules of equity practice and procedure." ORS 305.425(3). Here, relator's interpretation of TCR 33 C does not conform with ORS 34.130(4) because, under that interpretation, the Tax Court

---

[7] ORS 34.105 defines "adverse party," for purposes of ORS 34.130, to mean "a beneficially interested party to a judicial or administrative proceeding from which a mandamus proceeding arises, whose interests are adverse to the relator."

[8] ORS 34.130(4) also provides that any adverse party may intervene *as a matter of right* at any time *before* the return date of the alternative writ.

lacked authority to allow the hospitals to intervene due to the untimeliness of the hospitals' motion to intervene. Under ORS 34.130(4), however, the motions to intervene were timely; therefore, the Tax Court had discretion to allow the hospitals to intervene. Relator has presented no explanation for why it would not be practicable in this instance for the rule—as it is interpreted by relator—to conform with ORS 305.425(3), nor are we aware of any. Relator's interpretation of TCR 33 C is not well taken.[9]

■    We turn to the issue whether the Tax Court abused its discretion in denying the hospitals' motions to intervene. The hospitals argue that the Tax Court abused its discretion, because the hospitals were the only parties that were prepared to give the Tax Court "credible information" upon which a proper determination could be made concerning whether the director was required to conduct a hearing to determine whether property should be added to the tax rolls. In other words, the hospitals argue that relator did not provide the Tax Court with credible information to support the issuance of a peremptory writ. We find that argument to be unpersuasive.

■■    The hospitals apparently equate the requirement of ORS 311.215—that a relator provide "credible information" to support the issuance of a peremptory writ—to a requirement that a relator provide the Tax Court with information that is more probative than contrary information that exists. We do not agree with that interpretation. The Tax Court found, as a matter of fact, that the information was credible (1) "in the sense of being trustworthy because the information was furnished by the hospitals to a government agency," and (2) in the sense that it directly relates to the question whether the property is used exclusively for charitable purposes. We agree with that finding and conclude that relator's information was credible within the meaning of ORS 311.215.

---

[9] Even if the statute and the Tax Court's rule could be read not to conflict, a more specific provision takes precedence over a related, more general one. ORS 174.020; *Smith v. Multnomah County Board of Commissioners*, 318 Or 302, 865 P2d 356 (1994). In this case, ORS 34.130(4) is more specific, because it governs intervention in *mandamus proceedings*, whereas TCR 33 C governs intervention in any form of *trial*.

We note that the hospitals have the opportunity to challenge relator's claims that they are not tax exempt, on the merits, at the administrative hearing required by the peremptory writ. At that time, the hospitals may persuade the director that they should not be placed on the tax rolls. The hospitals' ultimate objection appears to center around the consequences of that administrative hearing. They assert that relator normally would *not* have standing to appeal to the Department of Revenue the director's decision to leave the hospitals off the tax rolls. *See* ORS 305.275 (providing that only an aggrieved person whose property is affected by an act or omission of a county assessor may appeal to the Department of Revenue). Therefore, the hospitals do not think it fair that relator can avoid that asserted statutory bar to appeal by initiating this mandamus proceeding, which *does* allow for appeal by a taxpayer to the Department of Revenue in the event that the director should conclude that the hospitals retain their right to be left off the tax rolls. *See NW Medical Lab. v. Good Samaritan Hospital*, 309 Or 262, 786 P2d 718 (1990) (so holding). The hospitals point out that such an appeal is costly and may take years to resolve. Whether or not those arguments are well taken, they fall within the province of the legislature and not this court.

The hospitals also point out that they moved to intervene as soon as practicable upon learning of the mandamus proceeding. We agree that the promptness of the hospitals' attempt to intervene is a relevant factor for a court to consider in assessing whether to exercise discretion to allow a party to intervene in a mandamus proceeding. We also are sympathetic to the fact that the hospitals did not become aware of the mandamus proceeding until after the alternative writ had been issued. When a mandamus proceeding arises from a "judicial or administrative proceeding," a relator must serve a copy of the mandamus petition "on all parties" to the judicial or administrative proceeding. ORS 34.130(2). Had the hospitals been served with a copy of the mandamus petition, they could have moved to intervene before the return date on the alternative writ. In that event, the Tax Court would have been *required* to allow the hospitals to intervene as a matter of right. ORS 34.130(4).

However, we review here only for abuse of discretion. Although the circumstances could have supported a decision to allow the hospitals to intervene, the hospitals have cited no rule of law—nor are we aware of one—that required the court to allow intervention. Thus, the Tax Court faced a classic example of a situation in which it legally could have ruled either way. Under the circumstances of this case, we do not find that the Tax Court's denial of the motions to intervene amounted to an abuse of discretion. We hold that the Tax Court did not abuse its discretion in denying the hospitals' motions to intervene in this mandamus proceeding.

The order of the Tax Court is affirmed.