DECISION
This matter is before the court on Defendant's Motion to Dismiss. Defendant asserts Plaintiff is not "aggrieved" within the meaning of ORS305.275 because the value reduction Plaintiff requests will not reduce Plaintiff's property taxes.
 I. STATEMENT OF FACTS
The appeal involves the 2008-09 tax year. The subject property is identified in Defendant's records as Account R223106. Defendant placed a real market value (RMV) on the property of $348,170. The maximum assessed value (MAV) and assessed value (AV) are $164,400. Plaintiff appealed the RMV to the county board of property tax appeals (board), but the board sustained the value. Plaintiff timely appealed to this court. Plaintiff has requested a reduction in RMV to $278,240.
 II. ANALYSIS
ORS 305.275[1] requires that a taxpayer appealing to the Magistrate Division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000) (Kaady). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding *Page 2 
reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved.Sherman v. Dept. of Rev., 17 OTR 322 (2004); Oden-Orr v. MultnomahCounty Assessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frank v.Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005).See also NW Medical Lab. v. Good Samaritan Hospital, 309 Or 262, 268,786 P2d 718 (1990) (indicating that to be "aggrieved," as required by ORS 305.275, the person must have a pecuniary interest in the outcome).
In Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999), the court ruled that a taxpayer is not aggrieved "[s]o long as the property's maximum assessed value is less than its real market value[.]" That is because property is assessed at its AV, per ORS 308.232, and, under ORS308.146(2), AV is the lesser of RMV or MAV. The RMV that Plaintiff has requested still exceeds the property's MAV and AV. Accordingly, there would be no tax savings.
Plaintiff is a broker and is fairly knowledgeable about Oregon's property tax system. Plaintiff understands that his requested reduction in RMV will not reduce his AV or property taxes, but argues that tax roll values, particularly RMV, create a history for a property, and can become important years later in a variety of contexts, including the disposition of property upon the death of the owner.
This court rejected a similar argument in Kaady. The taxpayer in that case argued that "an excessive real market value has potential for harm [because] * * * federal and estate and gift taxes would be increased."Kaady, 15 OTR at 125. In rejecting that argument, the court observed that RMV "is established for property tax purposes only," and ruled that taxpayers *Page 3 
cannot "require the expenditure of public resources to litigate issues that might never arise." Id. The same principle applies in this case.
 III. CONCLUSION
For the reasons set forth above, the court concludes that Plaintiff is not aggrieved because the requested reduction in RMV would not reduce Plaintiff's property taxes. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted because Plaintiff is not aggrieved.
Dated this _____ day of April 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on April 21, 2009.The Court filed and entered this document on April 21, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1