IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| 4310 BUILDING LLC and 4330 BUILDING LLC, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 190134G |
| v. | ) ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) ) ) | **ORDER GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

This matter came before the court on Defendant's Motion to Dismiss and Supplemental

Motion to Dismiss for lack of aggrievement.

Plaintiffs appealed from orders of Multnomah County's board of property tax appeals

(BOPTA) sustaining the 2018–19 tax roll for their three accounts. The Complaint alleged the

following error in the tax assessment: "Property taxes do not reflect protest June – July 2018. No

city services provided." The Complaint requested the following relief: "Adjustment for the time

period of services withheld by the City of Portland." In its Order on Defendant's Motion to

Make More Definite and Certain, the court required Plaintiffs to file an amended complaint

stating the real market value (RMV) requested for each account under appeal. In response to that

order, Plaintiffs filed copies of their BOPTA petitions. The parties' briefs treat the BOPTA

petitions as amending the Complaint to add requested RMVs, and the court considers the

Complaint so amended.

The following table summarizes the tax roll RMV, maximum assessed value (MAV), and

assessed value (AV) upheld by BOPTA for each account, as well as Plaintiffs' requested RMVs

taken from their BOPTA petitions:

/ / /

| Account | Roll RMV | Requested RMV | MAV | AV |
|---------|----------|---------------|-----|-----|
| R327858 | $868,220 | $759,692 | $212,780 | $212,780 |
| R327929 | $8,338,780 | $7,296,432 | $1,985,560 | $1,985,560 |
| R327918 | $32,669,040 | $28,585,410 | $9,169,630 | $9,169,630 |

It will be observed that the subjects' tax roll RMVs—both actual and requested—greatly exceed their MAVs and AVs. In its Supplemental Motion to Dismiss, Defendant alleged that Plaintiffs' requested value reductions would not result in tax savings. Plaintiffs do not dispute that allegation. At a telephone hearing, their representative stated that Plaintiffs desired to pursue this appeal even if their requested relief would not result in tax savings; the question is whether Plaintiffs have standing to pursue such an appeal.

Complaints requesting value reductions that would not change the tax burden are generally subject to dismissal. *See*, *e.g.*, *Work v. Dept. of Rev.*, 22 OTR 396, 406 (2017), *aff'd*, 363 Or 745, 429 P3d 375 (2018) (stating claim dismissible solely because requested value would not change tax burden, although dismissing on other grounds). In a long line of such cases, this court has granted dismissal because the taxpayer was not "aggrieved" and therefore lacked standing to appeal. *See Paris v. Dept. of Rev.*, 19 OTR 519 (2008); *Sherman v. Dept. of Rev.*, 17 OTR 322 (2004); *Kaady v. Dept. of Rev.*, 15 OTR 124 (2000); *Parks Westsac LLC v. Dept of Rev.*, 15 OTR 50 (1999).

Following that line of cases, both parties here have discussed standing requirements in terms of whether Plaintiffs are "aggrieved" under ORS 305.275(1).[1] Defendant relies on *Parks Westsac*. Plaintiffs rely on a more recent case, *Seneca Sustainable Energy, LLC v. Dept. of Rev.*, 363 Or 782, 429 P3d 360 (2018), which they argue "rejected" the approach of *Parks Westsac*. (Ptfs' Response at 4.)

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

The court in *Seneca* did not discuss *Parks Westsac* or any of the other cases cited above; it relied on a statement of requirements for aggrievement found in *NW Medical Lab v. Good Samaritan Hospital*, 309 Or 262, 786 P2d 718 (1990). In *NW Medical Lab*, the court stated:

> "To be 'aggrieved' is to be something more than just dissatisfied with a result. It is to have an interest in the outcome—an interest beyond that shared with the general public—such as pecuniary or other interest peculiar to the person who claims to be aggrieved."

*NW Medical Lab*, 309 Or at 268. In *Seneca*, the court summarized the quoted portion of *NW Medical Lab* as follows: "[A]ll that is required to prove aggrievement under ORS 305.275(1) is a showing that the person suffered an injury or wrong that creates a private interest in the outcome of the matter that is different from that of a member of the general public." *Seneca*, 363 Or at 796. Thus, aggrievement requires both that there be a "wrong" and that the wrong "create[] a private interest." Typically, that private interest is "a pecuniary interest, namely the imposition or amount of tax." *Christensen v. Dept. of Rev.*, TC 5285, WL 4350064 at *21 (Or Tax Sept 7, 2018).

In *Seneca*, the taxpayer sought a reduction in a tax-exempt building's tax roll RMV on the ground that, under an enterprise zone contract, the taxpayer was required to pay a "public benefit contribution" calculated from its tax roll RMV. The court found the taxpayer was aggrieved because it had alleged both "a wrong—the erroneous real market value determination—and a private interest that is different from that of the general public—the imposition of an excessive public benefit contribution directly resulting from that erroneous determination." *Seneca*, 363 Or at 797. Thus, the *Seneca* court found that the taxpayer had a private pecuniary interest in having the tax roll RMV reduced.

*Seneca* should not be characterized as a rejecting the entire approach of the line of cases that includes *Paris* and *Parks Westsac*. Neither *Seneca* nor *Paris* provides for standing absent a

private interest, and in both cases the relevant private interest was pecuniary in nature. *Paris*, treating of the typical situation in which taxpayers are responsible for paying taxes, identified that interest with the tax burden. *Seneca*, dealing with a taxpayer released from tax liability pursuant to an enterprise zone contract, found that a payment obligation under that contract also yielded a private interest in lowering tax roll values. The courts' approaches are therefore similar, with *Seneca* giving a more accurate statement of the underlying principle but not questioning the way the courts in *Paris* and *Parks Westsac* applied that principle to the more typical valuation appeals they confronted.

In this case, Plaintiffs' full statement of the private interest they assert is as follows:

"In the instant case the distinct interest is that the Plaintiff owns the Properties targeted by a specific city policy to deny services. The Plaintiffs have a unique interest, not shared with the general public, to ensure that the diminution of value that results from that targeted policy is reflected in the Real Market Value."

(Ptfs' Response at 4.) The "unique interest" alleged by Plaintiffs therefore appears to be either their ownership interest in the subjects or their status as targets of a city policy.

Plaintiffs have alleged the same wrong as the taxpayer in *Seneca*—erroneous tax roll RMVs.[2] However, unlike the taxpayer in *Seneca*, Plaintiffs have not alleged a private interest "create[d]" by that wrong. 363 Or at 796. Plaintiffs' ownership of the subjects was not created by erroneous tax roll RMVs and would not change if the tax roll RMVs were reduced as they request. Neither do Plaintiffs allege that the city policy was created by the tax roll RMVs; to the contrary, they allege the error in the tax roll "result[ed] from" the city policy. Under the standard in *Seneca*, Plaintiffs are not aggrieved either by their ownership of the subjects or by the city policy. It is undisputed that Plaintiffs' requested relief would not result in tax savings. Because

---

[2] Although Plaintiffs also believe they were wronged by a city policy, they do not allege that Defendant—the county assessor—had any role in setting or implementing that policy.

a decision lowering the tax roll RMVs as Plaintiffs request would have no practical effect, Plaintiffs lack standing to pursue their claim.[3]  Now, therefore,

IT IS ORDERED that Defendant's Supplemental Motion to Dismiss be and hereby is granted.

Dated this ___ day of September, 2019.

_____
POUL F. LUNDGREN
MAGISTRATE

***This is an order disposing of all issues pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Errors in this order may be challenged by appealing the court's decision. See TCR-MD 19.***

***This document was signed by Magistrate Poul F. Lundgren and entered on September 30, 2019.***

---

[3] Although the parties to this case and to other cases from *Parks Westsac* to *Paris* analyze taxpayers' standing to appeal from BOPTA orders using the term "aggrieved" from ORS 305.275(1), a careful reading of that statute in conjunction with ORS 309.110(7) suggests such appeals fall under ORS 305.275(2).  However, apart from a statutory aggrievement requirement, cases other than "public actions" and "cases involving matters of public interest" are not justiciable unless there is a prospect that "the court's decision in the matter will have some practical effect on the rights of the parties to the controversy." *Rains v. Stayton Builders Mart, Inc.*, 359 Or 610, 624, 375 P3d 490 (2016) (quoting *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993)).  That requirement stems from Article VII (Amended), section 1, of the Oregon Constitution as interpreted by our Supreme Court in *Yancy v. Shatzer*, 337 Or 345, 349, 97 P3d 1161 (2004), *abrogated by Couey v. Atkins*, 357 Or 460, 355 P3d 866 (2015).  While the reasoning of *Yancy* was heavily criticized in *Couey*, the holding of *Yancy* was abrogated only with respect to public actions and matters of public interest.  *Couey*, 357 Or at 520; *see also Brownstone Homes Condo. Ass'n v. Brownstone Forest Heights, LLC*, 358 Or 26, 30, 361 P3d 1 (2015) (characterizing *Couey* as having "qualified" *Yancy*'s  broad holding).  Thus, if the aggrievement requirement of ORS 305.275(1) were inapplicable in BOPTA appeals, the comparable requirement of Article VII (Amended), section 1, of the Oregon Constitution would remain in effect.