IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| JERRY M. LINSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5459** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LINCOLN COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | **ORDER ON PLAINTIFF'S FILINGS** |

In this property tax case, Plaintiff appeals the real market value (RMV) for tax year 2021-22 of a parcel of property on the Siletz River in Lincoln County (the Property). Plaintiff seeks an RMV of $49,000. (*See* Ptf's Am Compl, Ex 1 at 2A.) Defendant-Intervenor (the county) asks the court to sustain the RMV of $102,500 as determined by the magistrate.[1] Trial is set for the week of March 4, 2024. This order addresses:

A. Plaintiff's filings dated August 15, 2023, through October 16, 2023, and the county's response dated October 30, 2023;

/ / /

---

[1] Defendant Department of Revenue has "tender[ed] the defense" of the assessment to the county. (*See* Def's Ans at 6.)

B.  Plaintiff's discovery-related filings dated November 13, 2023, through November 16, 2023, the county's responses dated November 21, 2023, and Plaintiff's replies dated December 1, 2023 through December 3, 2023; and

C.  The county's requests for attorney fees and for damages under ORS 305.437.

A.      *Plaintiff's August-October 2023, Filings*

Plaintiff filed 21 documents with the court between August 15 and October 16, 2023. None complies with Regular Division rules.  None has a caption, each has the same title ("Certificate of Service") and none clearly expresses a motion, or a purpose or intention.  At the case management conference on October 25, 2023, the court determined that all of these filings reduce to motions by Plaintiff that ask the court to rule as follows:

(1) The size of the walkway, ramp, and dock on the Property is 742 square feet instead of 1,321 square feet, due to "downsizing" that occurred in June 2020;

(2) The property class code of the Property is not 401, but instead is 01 or 001;

(3) The land size of the Property is not 5,028 square feet, but instead is 3,750 square feet;

(4) The Property is not "residential," but instead is "riverfront" property; and

(5) The Property is "septic-denied, non/unbuildable."

(*See* Statement of Jerry Linstrom, Case Management Conference, Oct 25, 2023, 2:25-2:34; *see also* Ptf's Am Compl, Ex 3.)  After determining the content of Plaintiff's motions at the case management conference, the court directed the county to respond to them.  The county's response, filed October 29, 2023, considers possible alternative readings of the motions and argues separately as to each reading.  (Inv's Memo and Resp.)

1.  *Plaintiff's Motions as Requests for Factual Rulings*

Reading Plaintiff's motions as requests that the court determine factual issues, for example by summary judgment under Tax Court Rule (TCR) 47, the county argues that the

motions are deficient because they fail to show that there is no genuine issue of material fact, and they lack any argument that Plaintiff is entitled to prevail as a matter of law. (*See* Inv's Memo and Resp at 6-8.) As to the facts asserted in the motions, the county states that it either disagrees or finds them irrelevant to determining the Property's RMV. (*See id.*)

Plaintiff argues that the county must determine these facts before trial because "how can my appraiser present to [the court] a true appraisal when the information [on the county's records] is not [corrected]." (Statement of Jerry Linstrom, Case Management Conference, Oct 25, 2023, 2:12.) To the extent that Plaintiff argues that he cannot prepare for trial unless the county agrees with the facts above, Plaintiff's argument is incorrect. Of course, it is in the best interest of all concerned that the parties seek to agree before trial on as many relevant facts as possible. However, when parties cannot agree on relevant facts, or when they cannot agree which facts are relevant, the court must decide those issues based on the evidence at trial.

The court agrees with the county. Viewing Plaintiff's August through October 2023 motions as motions for summary judgment or partial summary judgment, the court now denies them and will decide the issues, to the extent relevant, at trial.

2. *Plaintiff's Motions as Motions to Compel the County to Change its Records*

The county addresses an alternative reading of Plaintiff's August to October 2023 motions as motions to compel the county to change its public records that describe characteristics of the Property other than value, such as the square footage of the land or improvements, traits such as "unbuildable" or "residential," or the classification number used for trending purposes. The county argues that Plaintiff has failed to show whether or how the Property's value would change if the county were to make these changes to its records. (*See* Inv's Memo and Resp at 8-11.) According to the county, only changes to the county's records that could cause a change in

///

property value are relevant, and trial is necessary to determine whether, or to what extent, any allegedly erroneous records affect the Property's value.

At the October 25, 2023, case management conference, Plaintiff stated that determining the correct value of the Property is only "part" of his goal for his appeal. (Statement of Jerry Linstrom, Case Management Conference, Oct 25, 2023, 2:38-40.) He indicated that the other part of his goal is to compel the county to "correct [the] information" identified in his motions. (*Id.*)[2] These statements suggest that Plaintiff fundamentally misunderstands what he can ask the court to do in this case. To file a law suit in this court, a taxpayer must be "aggrieved" by an action or omission of an assessor or other taxing authority, and the action or omission must "affect" the taxpayer's property. ORS 305.275(1). Oregon Supreme Court has held that these requirements mean that a taxpayer must be "more than just dissatisfied" by the action or omission. *NW Medical Lab. V. Good Samaritan Hospital*, 309 Or 262, 268, 786 P2d 718 (1990). The taxpayer must show a "pecuniary harm," which typically means showing that "property tax bills * * * were improperly inflated." *Seneca Sustainable Energy, LLC v. Dept. of Rev*, 363 Or 782, 797-98, 429 P3d 360 (2018).

The issue in this case is the value of the Property, not the state of the county's records. An assessor has many statutory duties, including recordkeeping responsibilities, but under the

---

[2] Similarly, Plaintiff states, in two of his October 10, 2023, filings: "I'm asking, Judge Maneki: Motion to enforce/rule on: Richard Davis Magistrate: Court Order: Dated 08/24/2022." The county interprets these portions of Plaintiff's filings as a motion that this division of the court enforce an order of the Magistrate Division entitled "Order on Plaintiff's Motion for Defendant to Correct Tax Record Information," in which the magistrate directed the county to respond to Plaintiff's requests to change data on the tax roll. (*See* Inv's Memo and Resp at 6; Ptf's Compl at 17.) The county, noting that it promptly responded to the magistrate's order, objects that this division lacks jurisdiction to enforce the magistrate's order. (*See* Inv's Memo and Resp at 6.) The court agrees with the county and takes the opportunity to remind Plaintiff that the proceedings in this division are a *new trial* of the value of the Property. The Magistrate Division proceedings are finished; this division will not order enforcement of the magistrate's order. *See* ORS 305.425(1) ("All proceedings before the judge of the tax court shall be original, independent proceedings and shall be tried without a jury and de novo."); Tax Court Rule (TCR) Preface ("Regular Division trials are de novo and are conducted without a jury.").

case law a taxpayer does not necessarily have the right to sue in this court over every alleged recordkeeping failure. In this case, the court will not consider ordering the county to change data in its records unless Plaintiff proves two things: first, that the county's data are wrong and Plaintiff's alternative data are correct; and second, that changing those specific data on the roll (as opposed to changing the overall value) is necessary to redress a pecuniary harm to Plaintiff's Property. Plaintiff has done neither of these things. The court now denies Plaintiff's August to October motions to the extent that they ask the county to change its records.

B.       *Plaintiff's November 13-16, 2023, Discovery-Related Filings*

On November 13, 2023, Plaintiff filed two documents entitled "Discovery Information Requested for Up Coming Trial." Each begins: "Plaintiff is requestion the 'Missing Information' from the Lincoln County Tax Assessor's Office, (the defendant), used in Magistrate Court Case TC-MD 220086R, Comparable Sale Sheet, Exhibit H2." There follow additional lines with blanks for the "value" and "size" of various listed items. On the same day, Plaintiff filed a third document, entitled "Court Order Motion: For Discovery of Information for Up Coming Trial." This document also bears the heading "'Corrected Document.'" It lists some of the same items as in one of the two earlier documents, but it is not identical with either and does not identify the document or documents it is supposed to correct.

On November 15, 2023, Plaintiff filed another "Court Order Motion: For Discovery of Information for Up Coming Trial." It "request[s] the information from the 2016 Tax Year," and it proceeds to list various items with requests for size and/or value.[3] On November 16, 2023,

/ / /

---

[3] On November 16, 2023, Plaintiff filed a similar document under the same title, also for tax year 2016, with the handwritten notation: "Corrected Copy."

Plaintiff filed similar documents with the same title requesting similar information for the 2017, 2018, 2019, 2020, and 2021 tax years.

On November 21, 2023, the county filed a response to Plaintiff's three filings dated November 13, 2023, treating the November 13 "Corrected Document" as a replacement for the first two. On November 21 and 22, 2023, the county filed a response to each of the other "Court Order Motions." On December 1, 2, and 3, 2023, Plaintiff filed replies, each entitled "Plaintiff's Answer to Intervenor's Response of 'Court Order Motion: For Discovery of Information for Upcoming Trial.'"

In all of its responses, the county treats Plaintiff's filings as motions to compel discovery under TCR 46 and asks the court to deny them because (1) Plaintiff failed to first serve a discovery request in a manner that complies with TCR 36; (2) Plaintiff failed to certify that he had complied with the requirement in TCR 41 C to make a good-faith effort to confer with the county; and (3) the motions violate various other procedural requirements under TCR 9 and 14.

The court agrees with the county's interpretation of these filings as motions to compel discovery. Plaintiff appears to understand the difference between asking an opposing party for discovery under TCR 36 and asking the court to order that party to provide discovery under TCR 46. The first two filings, on November 13, 2023, appear to be discovery inquiries under TCR 36, but Plaintiff's "Corrected Document" adds "Court Order Motion" to the title.

The court also agrees with the county's objections. The court orders as follows:

(1) Plaintiff must request any discovery directly from the county before involving the court. Plaintiff must do so in a manner that substantially complies with TCR 36. Plaintiff must not file discovery requests with the court.

(2) If Plaintiff files a motion to compel discovery in the future, Plaintiff must include the certification required in TCR 14 C.

/ / /

(3) Any future motions and filings by Plaintiff must substantially comply with the court's rules. However, as an exception, no party need include a form of order with a motion unless specifically directed by the court to do so.

C.    *County's Requests for Attorney Fees and Damages Under ORS 305.437*

The county argues that several of the deficiencies in both sets of Plaintiff's filings support a claim for attorney fees and recovery of expenses for the time and costs to respond. (*See, e.g.,* Inv's Memo Resp Ptf's Facsimile Docs and Oral Requests for Orders at 12-13 (requesting attorney's fees, costs, and disbursements); Inv's Resp Ptf's "Court Order Motion" Faxed Nov 15, 2023 at 5-6 (same).) The county correctly points out that attorney fees and awards of damages are available when a taxpayer asserts an objectively unreasonable position or files certain motions without substantial justification. *See, e.g.,* ORS 305.437 (permitting court to award damages to the department for frivolous or groundless proceedings); TCR 46 A(4) (allowing court to award costs for motions to compel discovery). The award of attorney fees and statutory damages is intended to deter conduct that is unfair or wastes time, or both. The court is not presently inclined to grant an award of attorney fees or damages in connection with Plaintiff's filings described in this order, particularly if Plaintiff in future substantially complies with this order and with the court's rules. The court will defer action on attorney fees and damages and will consider that subject in the context of future steps in the case. Now, therefore,

IT IS SO ORDERED.

Dated this 5th day of December, 2023.

12/5/2023 10:45:48 AM

**Judge Robert T. Manicke**