# IN THE TAX COURT OF THE
## STATE OF OREGON

## WINDMILL INNS OF AMERICA, INC.
*v.*
## DEPARTMENT OF REVENUE
(TC 4180)

Michael R. Silvey, Foster, Pepper & Shefelman, Portland, represented Plaintiff (taxpayer).

Joseph A. Laronge, Assistant Attorney General, Department of Justice, represented Defendant (department).

Decision for Plaintiff rendered March 6, 1998.

### CARL N. BYERS, Judge.

This matter is before the court on Defendant's Motion for Summary Judgment. Defendant asserts that Plaintiff (taxpayer) and the Jackson County Assessor (assessor) agreed to recommend a value to the Jackson County Board of Equalization (board); therefore, when the board ordered that value, taxpayer was not aggrieved. The court holds that taxpayer was aggrieved by the board's order and that it had standing to appeal to the Department of Revenue (department) and to this court.

### FACTS

An independent tax agent represents taxpayer in dealing with the tax assessments of its many properties. The representative, John M. Capper (Capper), became aware of the assessed value of $14,723,250 for the subject property in October 1996, after the property tax statements were issued. Capper obtained income and expense information from taxpayer and then contacted the assessor's office concerning the assessed value. He exchanged information with a county appraiser and eventually they agreed upon a real market value of $12,654,080. Since it was too late for the assessor to unilaterally change the roll, and Capper did not want to make a long trip for a short hearing, they agreed to have the county appraiser recommend the value to the board. The appraiser sent Capper a form entitled "Application for Review of Value." Capper filled in the account number, the values agreed upon, signed it, and returned the form to the county appraiser. The appraiser wrote on the form, "owner provided new data to support value change," signed it and sent it to the board. The board issued an order setting the value at the amount that Capper and the appraiser had agreed upon.

Capper then sent a status report to taxpayer, his client. However, taxpayer was very unhappy because it believed the agreed upon value was too high. It provided

Capper information which convinced Capper that his esti-
mate of value was too optimistic. Capper was instructed to
and did appeal the board's order to the department. Although
the county appraiser informed the department that the par-
ties had reached a settlement agreement, the department
nevertheless heard the case on the merits. The department
found that taxpayer did not carry its burden of proof, and tax-
payer appealed to this court.

## ISSUE

Was taxpayer "aggrieved" by the board's order and
therefore had standing to appeal to the Department of
Revenue?

## ANALYSIS

■■    The law in effect at the time of taxpayer's actions
required aggrieved persons to exhaust their administrative
remedies before appealing to the Oregon Tax Court. ORS
305.275(4).[1] A taxpayer or assessor could appeal a board of
equalization order to the department if they were "aggrieved"
by that order. ORS 305.275(2). The statute does not define
the term aggrieved. In *NW Medical Lab. v. Good Samaritan
Hospital*, 309 Or 262, 786 P2d 718 (1990), the Oregon
Supreme Court indicated that to be aggrieved the person
must have a pecuniary interest in the outcome. The opinion
does not say but implies a requirement that the decision or
order adversely impact the pecuniary interest. That is consis-
tent with *People for Ethical Treatment v. Inst. Animal Care*,
312 Or 95, 817 P2d 1299 (1991) where the court held that the
appealing party must be able to show some injury.

■    There is no question that taxpayer has a pecuniary
interest in the property. The only question is whether tax-
payer's interest is adversely impacted by the board's order.
Under Oregon's property tax scheme, the tax assessment is
made by the government. Taxpayers have the burden of
auditing government records and appealing from any errors.
Because the assessor sets the assessed value, if the board
does not change that value, then the assessor is not aggrieved

---

[1] All references to the Oregon Revised Statutes are to 1995.

and cannot appeal. *Bear Creek Plaza v. Dept. of Rev.*, 12 OTR 272 (1992). Whether a taxpayer has been aggrieved by a board's order can only be determined by comparing the taxpayer's request with the result. The central issue here is whether the taxpayer requested anything of the board.

The controlling statute, ORS 308.242, provides, as follows:

"(1)   The assessor shall make no changes in the roll after September 20 of each year except such changes as are otherwise provided by law.

"(2)   Upon written application, made by an owner or by a person in whose name the property is assessed, to the county assessor within 10 days before the last date allowed for filing a petition for reduction of real market value under ORS 309.100(1) or (2), the assessor may review the real market or assessed value of the property and may recommend to the board of equalization any reduction of the real market or assessed value or recommend to the board of ratio review any reduction of real market value placed upon the property as may be appropriate. *Nothing in this section,* including but not limited to the failure of the assessor to review the real market value of the property or to recommend its reduction to the board, *shall affect the right of a taxpayer to appeal* the real market value of the property under ORS 309.100 or other law." (Emphasis added.)

■     Both the language of the statute and the form used by the parties indicates that the request is to the assessor, not to the board. Under the statute, the taxpayer's only right is to make a request of the assessor. The assessor may or may not act on it. If the assessor acts on it and makes a recommendation to the board, the board may or may not accept the recommendation.

The department asserts that in some way taxpayer's agreement with the assessor converted the request to the assessor into a request to the board. The department emphasizes that when Capper filled out the form, inserting the values agreed upon, Capper believed he was requesting a certain assessed value. However, only if the taxpayer made a request to the board would there be a way to compare the result, thereby determining if taxpayer was aggrieved.

■■ What Capper believed at the time he filled out the application for review is irrelevant. The operative language in ORS 308.242(2) states: "Nothing in this section, * * * shall affect the right of a taxpayer to appeal * * *." Under this broad language, signing a request for review of assessed value will not affect the right of the taxpayer to appeal. Likewise, filling in the numbers on the request will not do it. The word "nothing" applies to all of ORS 308.242. This strong language reflects a legislative intent that use of the procedure by a taxpayer will not affect the taxpayer's appeal rights. Consequently, use of the procedure cannot be used to convert the taxpayer's request to the assessor into a request to the board. If the court were to adopt the department's position, then a taxpayer's use of the procedure may "affect" the taxpayer's right to appeal. The legislature has said that must not happen. The statute makes no exception for circumstances where the taxpayer and the assessor may agree on the recommendation that the assessor makes to the board.

■ The court concludes that the broad language in ORS 308.242 prevents use of that procedure from affecting the taxpayer's appeal rights. Accordingly, the procedure cannot be viewed as a request by the taxpayer to the board. When the board issues its order, a taxpayer is aggrieved if the taxpayer claims it is aggrieved. Taxpayer claimed it was aggrieved and filed a timely appeal with the department. The department heard the case on the merits and denied taxpayer's claim. Taxpayer then timely appealed to this court. Taxpayer has standing in this court and Defendant's Motion for Summary Judgment must be denied. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is denied.