DECISION OF DISMISSAL
This matter is before the court on Defendant's request for dismissal, included in its Answer filed August 26, 2009. Defendant asserts that "Plaintiff is not aggrieved for tax year 2008-09," based on an analysis it performed which shows that Plaintiff would not receive a reduction in taxes if she were successful in her value appeal. (Def's Answer at 1.)
The court discussed the request with the parties at the October 5, 2009, hearing. Plaintiff appeared on her own behalf. Defendant was represented by Joe Honl, Appraisal Manager, Clackamas County Assessor's office. After some discussion, the court announced that it was granting the request to dismiss.
 I. STATEMENT OF FACTS
Plaintiff appealed the value of her home, identified as Account 05012865, for the 2008-09 tax year.[1] Plaintiff bought the property from a bank in April 2009, after the bank foreclosed on the previous owner. Plaintiff stated that the property had been on the market for one year at $339,000. Plaintiff paid $300,000 and has requested a reduction in the real market value (RMV) to that amount, and a corresponding reduction in the assessed value (AV). *Page 2 
 II. ANALYSIS
The issue in this case is whether the court should grant Defendant's request for dismissal because Plaintiff is not aggrieved. The short answer to that question is yes, because there is no correlation between RMV and AV. Therefore, if Plaintiff were successful in establishing that her RMV was $300,000 on January 1, 2008, the assessment date for the 2008-09 tax year, there would be no reduction in AV or in Plaintiff's property taxes. As such, Plaintiff is not aggrieved, as required by ORS305.275(1), [2] and Defendant's request for dismissal must be granted. Plaintiff was unhappy with the court at the October 5, 2009, hearing, when the magistrate orally ruled favorably on Defendant's dismissal request. Plaintiff complained that the court was being arbitrary and unreasonable in relying on an "old law" (Measure 50). Accordingly, the court provides the following in-depth analysis and rationale to support its October 5, 2009, oral ruling.
ORS 305.275 requires that a taxpayer appealing to the Magistrate Division of the Oregon Tax Court be "aggrieved." This court has previously ruled that "[i]n requiring that taxpayers be `aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong." Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000). For there to be an immediate claim of wrong, the reduction in value must produce a corresponding reduction in property taxes. Where a reduction in RMV will not reduce taxes, this court has ruled that the taxpayers are not aggrieved. Paris v. Dept. of Rev., TC 4831, WL 4801342 *2 (Order Nov 5, 2008); Sherman v. Dept. of Rev., 17 OTR 322, 323 (2004); Kaady,15 OTR at 125 (2000); Oden-Orr v. Multnomah County Assessor, TC-MD No 070295C, WL 1745220 *1 (2007); Frank v. Washington County Assessor, TC-MD No 050170E, WL 1432482 *1 (2005). *Page 3 
The rationale for this court's repeated rulings that the statutory requirement in ORS 305.275 that a taxpayer be aggrieved is only satisfied where a victory for the taxpayer will generate a tax savings can be found in Windmill Inns of America, Inc. v. Dept. of Rev.(Windmill Inns),14 OTR 271, 273 (1998). In Windmill Inns, the court observed that, although ORS 305.275 requires that a taxpayer be "aggrieved," the statute did not define the term "aggrieved." Id. The Windmill Inns court cited two earlier Oregon Supreme Court opinions. The court noted that, in one of those opinions, the Supreme Court ruled that "to be aggrieved the person must have a pecuniary interest in the outcome," and opined that the opinion "implies a requirement that the decision or order adversely impact the pecuniary interest [of the party appealing]." NW Medical Lab. v. GoodSamaritan Hospital, 309 Or 262, 786 P2d 718 (1990). The court in WindmillInns then stated that the requirement of a pecuniary interest is "consistent with People for Ethical Treatment v. Inst. Animal Care,312 Or 95, 817 P2d 1299 (1991) where the court held that the appealing party must be able to show some injury." Windmill Inns, at 273. Accordingly, this court has ruled that, where the requested reduction in value will not reduce taxes, the taxpayer has no pecuniary interest, and suffers no injury from the court's refusal to lower the RMV.
Plaintiff, in the instant appeal, seeks a reduction in RMV to $300,000, and a corresponding reduction in the AV tied to the percentage of the requested reduction in RMV. However, as the court explained during the October 5, 2009, proceeding, there is generally no correlation between RMV and AV with residential property because of Measure 50. Measure 50 was a voter-approved referendum that amended Oregon's Constitution in 1997. After it was approved, the Oregon Revised Statutes were amended to carry out the dictates of the constitutional changes. Thus, contrary to Plaintiff's complaint that the court's refusal to act is *Page 4 
tied to some 1997 action, the changes brought about by that action continue in the current versions of the Oregon revised statutes. See Or Const, Art XI, § 11, and ORS 308.142 through ORS 308.205.
For purposes of this case, the critical aspect of Measure 50 was the creation and imposition of a maximum assessed value (MAV) on each property, measured in 1997 as 90 percent of the property's 1995 RMV. See
Or Const, Art XI, § 11(1)(a).[3] Under Measure 50, AV is the lesser of the property's MAV or RMV. ORS 308.146(2). RMV was, and continues to be, the most probable selling price of the property, in an arm's-length transaction, on the applicable assessment date. ORS 308.205.
Although RMV moves with the market, "the property's maximum assessed value shall not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1). Thus, once MAV was established in 1997, it generally increases three percent annually. And, because MAV is typically lower than RMV, AV also rises three percent per year. RMV, on the other hand, has for many years typically outpaced the annual three percent cap on increases to MAV. As a result, a reduction in RMV generally has no impact on MAV or AV, unless that reduction is large, or the gap between RMV and MAV is small. That point was made clear in Gall v. Dept. of Rev., 17 OTR 268, 270 (2003), which ruled that "there is no linkage between the RMV and MAV" under Measure 50.
When, as in the present case, property is added after 1995, MAV is calculated by adding together any MAV the property may have had prior to the construction of the home (e.g., the prior year's land MAV) to the RMV of the new improvements "multiplied by the ratio * * * of the average maximum assessed value over the average real market value for the assessment *Page 5 
year." ORS 308.153(1)(b). That action results in a base MAV for a new home. Once that base MAV is established, it is simply increased three percent in subsequent years. Or Const, Art XI, § 11(1)(b); ORS 308.146(1).
Construction of Plaintiffs' home was completed in 2006. Accordingly, the MAV was "fixed" as of the 2007-08 tax year (which had a January 1, 2007, assessment date). For the year at issue (2008-09) MAV and AV were simply increased three percent, from $253,025 to $260,616. Defendant determined that Plaintiff's RMV had declined, and Defendant therefore reduced Plaintiff's RMV from $482,857 to $429,447.
In Parks Westsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999), the court ruled that a taxpayer is not aggrieved "[s]o long as the property's maximum assessed value is less than its real market value[.]" If Plaintiff in the instant appeal were successful in obtaining a reduction in RMV to $300,000, she would not achieve a tax savings, because her MAV and AV are $260,616, and there is no Measure 5 compression.
 III. CONCLUSION
The court concludes that, because the requested reduction in RMV for Account 05012865, for tax year 2008-09, would not produce a corresponding reduction in property taxes, Plaintiff is not aggrieved. As a result, Plaintiff lacks standing and the court lacks jurisdiction to consider the appeal. Now, therefore, *Page 6 
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal of Plaintiffs appeal is granted
Dated this ___ day of October 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on November 5,2009. The Court filed and entered this document on November 5, 2009.
[1] Plaintiff's Complaint indicates she is appealing "2009." When questioned by the court, Plaintiff explained that she was appealing the 2008-09 tax year, and the court allowed an oral amendment to the Complaint at the October 5, 2009, hearing.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.
[3] Or Const, Art XI, § 11(1)(a) provides that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent." *Page 1