DECISION
This matter is before the court on Defendant's written request for dismissal, contained in its Answer filed March 26, 2010. Hearing on the matter was held April 20, 2010. Plaintiff appeared on her own behalf. Defendant was represented by Darlene Lufkin.
 I. STATEMENT OF FACTS
Plaintiff appealed the real market value (RMV) of her property for the 2009-10 tax year. The county board of property tax appeals (BOPTA) sustained the assessor's RMV of $558,790. The maximum assessed value (MAV) is $261,076. Because that number is less than the RMV, Plaintiff's assessed value (AV) is $261,076. (Ptf's Compl at 2.) Plaintiff requested that the RMV be reduced to the value on the rolls for the prior tax year or less. (Id. at 1.) The RMV for the 2008-09 tax year was $500,000. (Id. at 7.)
 II. ANALYSIS
ORS 305.275(1)[1] and (3) govern appeals to the Magistrate Division of the Oregon Tax Court from orders of BOPTA.[2]
ORS 305.275(1)(a) requires a taxpayer to be "aggrieved," which this court has interpreted to mean that the requested reduction in value, if granted, would reduce *Page 2 
the property taxes. Paris v. Dept. of Rev., TC 4831, WL 4801342 (Nov. 5, 2008), Sherman v. Dept. of Rev.,17 OTR 322 (2004), Kaady v. Dept. of Rev.,15 OTR 124, 125 (2000), Parks Westsac L.L.C. v. Dept. ofRev., 15 OTR 50, 52 (1999).
The rationale for this court's repeated rulings that the statutory requirement in ORS 305.275 that a taxpayer be aggrieved is only satisfied where a victory for the taxpayer will generate a tax savings can be found in Windmill Inns of America, Inc. v. Dept. ofRev. (Windmill Inns), 14 OTR 271 (1998). In WindmillInns, the court observed that, although ORS 305.275 requires that a taxpayer be "aggrieved," the statute did not define the term "aggrieved." Id. at 273. The Windmill Inns court cited two earlier Oregon Supreme Court opinions. The court noted that, in one of those opinions, the Supreme Court ruled that "to be aggrieved the person must have a pecuniary interest in the outcome," and suggested that the Windmill Inns opinion "implies a requirement that the decision or order adversely impact the pecuniary interest [of the party appealing]." Id., citing NW Medical Lab. v. GoodSamaritan Hospital, 309 Or 262, 786 P2d 718 (1990). The court inWindmill Inns then stated that the requirement of a pecuniary interest is "consistent with People for EthicalTreatment v. Inst. Animal Care,312 Or 95, 817 P2d 1299 (1991) where the court held that the appealing party must be able to show some injury." Id.
Accordingly, this court has ruled that, where the requested reduction in value will not reduce taxes, the taxpayer has no pecuniary interest, and suffers no injury from the court's refusal to lower the RMV.
Plaintiff has asked the court to reduce her RMV from $550,790 to $500,000, while her AV is $261,076. The requested reduction to $500,000 would not reduce Plaintiff's AV, because her MAV is $261,076 and, as explained below, AV is the lesser of RMV or MAV. Because there is no potential reduction in AV, a finding for Plaintiff would not result in any tax savings. *Page 3 
That being the case, Plaintiff is not aggrieved as required by the statute.
Understanding Oregon's property tax system requires at least a basic understanding of Measure 50. Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls (back two years less ten percent). See Or Const, ArtXI, § 11(1)(a).[3] Measure 50 is codified in ORS 308.142 through ORS 308.205. For tax years following 1997, MAV generally increases at an annual rate of three percent. ORS 308.146(1). Under Measure 50, AV is the lesser of the property's MAV or RMV. ORS 308.146(2). RMV was, and continues to be, the most probable selling price of the property, in an arm's-length transaction, on the applicable assessment date. ORS 308.205; ORS 308.232.
Plaintiff was upset that she had not been advised by someone that there was essentially no point in filing an appeal if the court could not hear her case, and questioned why the court had not already ruled on Defendant's request for dismissal. As to the first question, the court explained to Plaintiff that one of the risks taken when a person comes to court without an attorney is that they may not be aware of all applicable rules and laws that govern their case. One such rule of particular relevance in this case is that a taxpayer be aggrieved. A taxpayer must also understand what it means to be aggrieved, which the court has explained above. The court further explained that certain of its published information explains the requirement of aggrievement.
As to the second question, by court rule, a magistrate generally cannot rule on a motion until after the first case management conference. Tax Court Rule-Magistrate Division (TCR-MD) 6 B(1) (2010). One reason for that court rule is fairness. The court offers the parties, *Page 4 
particularly the property owner, an opportunity to clarify their positions and to confirm any relevant facts, such as the roll values and requested values, and affords the taxpayer an opportunity to offer any legal theory that may distinguish their case and defeat the request for dismissal.
 III. CONCLUSION
The court concludes that Plaintiff is not aggrieved because she has requested an RMV is well above the property's MAV and AV and a reduction to the requested value will not reduce Plaintiff's property taxes. As a result, Plaintiff is not aggrieved, and Defendant's request for dismissal must be granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal of Plaintiff's appeal is granted because Plaintiff is not aggrieved.
Dated this ___ day of May 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Magistrate Dan Robinsonon May 26, 2010. The court filed and entered this Decisionon May 26, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Appeals to BOPTA are governed by ORS chapter 309. ORS 309.026(2) allows taxpayers to appeal AV, RMV, and MAV. ORS 309.110(7) provides for appeal of BOPTA orders to the Tax Court. Appeals filed with the Tax Court are first heard by the Magistrate Division. ORS 305.275(1).
[3] Or Const, Art XI, § 11(1)(a) (providing that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent.").