DECISION
Plaintiff appealed the real market value (RMV) of his home for the 2009-10 tax year. The property is identified in the assessor's records as Account 11063. Defendant asked the court to dismiss Plaintiff's appeal, asserting that Plaintiff is not aggrieved. (Def's Answer.) The court addressed that dismissal request with the parties at a hearing held by telephone June 21, 2010. Plaintiff appeared on his own behalf. Defendant was represented by Melanie Brown (Brown).
 I. STATEMENT OF FACTS
The RMV of Plaintiff's property on the assessment and tax rolls, as of January 1, 2009, is $299,290. (Ptf's Compl at 1.) In his Complaint, Plaintiff requested a reduction in the RMV to $231,250. (Id.) The assessed value (AV) is $169,411. (Id. at 3.) Plaintiff stated in a letter attached to his Complaint that he would really like the value reduced to $195,000. (Id. at 2.) During the June 21, 2010, hearing, Brown advised the court that Plaintiff would not receive any reduction in property taxes if the RMV were reduced to $231,250. Moreover, Brown added that she had performed an analysis to determine whether Plaintiff would receive any tax savings if the RMV were reduced to $195,000, and she determined there would still be no savings. *Page 2 
 II. ANALYSIS
ORS 305.275(1) and (3)[1] govern appeals to the Magistrate Division of the Oregon Tax Court from orders of a county board of property tax appeals (BOPTA).[2] ORS 305.275(1)(a) requires a taxpayer to be "aggrieved," which this court has interpreted to mean that the requested reduction in value, if granted, would reduce the property taxes. Paris v. Dept. of Rev., TC No 4831, WL 4801342 * 1 (Nov 5, 2008), Sherman v. Dept. of Rev., 17 OTR 322 (2004),Kaady v. Dept. of Rev., 15 OTR 124, 125 (2000), ParksWestsac L.L.C. v. Dept. of Rev., 15 OTR 50, 52 (1999).
The rationale for this court's repeated rulings that the statutory requirement in ORS 305.275 that a taxpayer be aggrieved is only satisfied where a victory for the taxpayer will generate a tax savings can be found in Windmill Inns of America, Inc. v. Dept. of Rev.
(Windmill Inns), 14 OTR 271, 273 (1998). In Windmill Inns, the court observed that, although ORS 305.275 requires that a taxpayer be "aggrieved," the statute did not define the term "aggrieved."Id. The Windmill Inns court cited two earlier Oregon Supreme Court opinions. The court noted that, in one of those opinions, the Supreme Court ruled that "to be aggrieved the person must have a pecuniary interest in the outcome," and suggested that the WindmillInns opinion "implies a requirement that the decision or order adversely impact the pecuniary interest [of the party appealing]."Id., citing NW Medical Lab. v. Good Samaritan Hospital,309 Or 262, 786 P2d 718 (1990). The court in Windmill Inns then stated that the requirement of a pecuniary interest is "consistent withPeople for Ethical Treatment v. Inst. Animal Care,312 Or 95, 817 P2d 1299 (1991) where the court held that the appealing party must be able to show some *Page 3 
injury." Id. Accordingly, this court has ruled that, where the requested reduction in value will not reduce taxes, the taxpayer has no pecuniary interest, and suffers no injury from the court's refusal to lower the RMV.
Plaintiff has asked the court to reduce the RMV from $299,290 to $231,250, while the AV is $169,411. The requested reduction to $231,250 would not reduce Plaintiff's AV, because the maximum assessed value (MAV) is $169,411 and, as explained below, AV is the lesser of RMV or MAV. Because there is no potential reduction in AV or property taxes, Plaintiff is not aggrieved as required by the statute and interpreted by prior decisions of this court.
Plaintiff explained that he was not concerned with the tax implications, but simply felt that the RMV should be in line with the actual value of the property. Part of Plaintiff's concern is that a "correct" RMV would bring that number closer to the MAV and AV. If the market continued to decline, which Plaintiff believes will be the case, he may achieve a tax savings in future years, because any general downward trending by the assessor would be applied to the lower, court-ordered reduction in RMV.
The court understands Plaintiff's frustration, given that the law does require the assessor to establish the RMV of each property every year and RMV should be an accurate reflection of the market.See e.g., ORS 308.210 (requiring the assessor to proceed annually to assess all taxable property each year as of January 1); ORS 308.232 (providing that all taxable property "shall be valued at 100 percent of its real market value"); ORS 308.215 (providing that the assessment roll shall separately state the RMV of the land and the RMV of all buildings, structures and improvements). Nonetheless, as the court has already stated above, the law also requires that a taxpayer appealing to the Tax Court be aggrieved, a requirement that this court has interpreted to mean that there must be a tax savings, an interpretation which, in some *Page 4 
instances, precludes the court from addressing the value issue, notwithstanding any apparent errors in the RMV.
In closing, the court believes a brief overview of Oregon's property tax system is helpful to understand the interplay between the various values discussed above and the requirement and interpretation of aggrievement. A significant feature of Oregon's property tax system is Measure 50.
Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls (looking back two years less ten percent). See Or Const, Art XI, § 11(1)(a).[3] Measure 50 is codified in ORS 308.142 through ORS 308.205.[4] For tax years following 1997, MAV generally increases at an annual rate of three percent. ORS 308.146(1). Under Measure 50, AV is the lesser of the property's MAV or RMV. ORS 308.146(2). RMV was, and continues to be, the most probable selling price of the property, in an arm's-length transaction, on the applicable assessment date. ORS 308.232; ORS 308.205. Thus, once MAV is established, it typically rises at a rate of three percent per year, whereas RMV rises and falls with the market. However, there is no connection between the two, as this court explained inGall v. Dept. of Rev., 17 OTR 268, 270 (2003) (ruling that "there is no linkage between the RMV and MAV" under Measure 50).
 III. CONCLUSION
The court concludes that Defendant's request for dismissal should be granted because Plaintiff is not aggrieved as required by ORS 305.275 in that a reduction in the RMV of his property for the 2009-10 tax year from $299,290 to $231,250 would not reduce Plaintiff's *Page 5 
property taxes because his MAV and AV are $169,411. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted and Plaintiff's appeal is hereby dismissed.
Dated this ___ day of August 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinsonon August 31, 2010. The Court filed and entered this documenton August 31, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.
[2] Appeals to BOPTA are governed by ORS chapter 309. ORS 309.026(2) allows taxpayers to appeal AV, RMV, and MAV. ORS 309.110(7) provides for appeal of BOPTA orders to the Tax Court. Appeals filed with the Tax Court are first heard by the Magistrate Division. ORS 305.275(1).
[3] Or Const, Art XI, § 11(1)(a) (providing that a property shall have a MAV for the 1997-98 tax year "that does not exceed the property's real market value for the tax year beginning July 1, 1995, reduced by 10 percent.").
[4] The term "codified" means that the measure was added to Oregon's body of law, originally defined as a code, and now referred to as the Oregon Revised Statutes (ORS).