DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed April 29, 2011, requesting that the Complaint be dismissed.
By their Complaint, Plaintiffs have requested a $70,000 reduction in the real market value (RMV) of their property, assessor's Account R320606, which would lower their RMV from $251,980 to $181,980. The property's maximum assessed value (MAV) and assessed value(AV) are $45,500. Defendant moves to dismiss "because plaintiff[s] ha[ve] not requested a reduction in real market value which will result in any reduction in tax payable by plaintiff[s] for the year in question." (Def's Mot at 1.)
The court discussed Defendant's Motion with the parties in a telephone case management hearing held November 11, 2011. Glenn White appeared for Plaintiffs. Ken Collmer appeared for Defendant.
ORS 305.275(1)[1] and (3) govern appeals to the magistrate division of the Oregon Tax Court from orders of BOPTA.[2] ORS 305.275(1)(a) requires a taxpayer to be "aggrieved," which this court has interpreted to mean that the requested reduction in value, if granted, would reduce *Page 2 
the property taxes. Paris v. Dept. of Rev.,19 OTR 519, 521-522 (2008). In Paris the court held that it lacked jurisdiction because taxpayers were not aggrieved as required by ORS 305.275 due to the fact that the requested reduction in RMV still exceeded the property's MAV and AV, and there was "[n]o showing * * * that the requested reduction in RMV would reduce taxpayers' property tax liability." Id. at 522. See also Sherman v. Dept. of Rev.,17 OTR 322, 323 (2004); Kaady v. Dept. of Rev.,15 OTR 124, 125 (2000); Parks Westsac L.L.C. v. Dept. of Rev.,15 OTR 50, 52 (1999).
Additional authority and rationale for this court's repeated rulings that the statutory requirement in ORS 305.275 that a taxpayer be aggrieved is only satisfied where a victory for the taxpayer will generate a tax savings can be found in Windmill Inns of America,Inc. v. Dept. of Rev. (Windmill Inns), 14 OTR 271, 273 (1998). In Windmill Inns, the court observed that, although ORS 305.275 requires that a taxpayer be "aggrieved," the statute did not define the term "aggrieved." Id. The Windmill Inns court cited two earlier Oregon Supreme Court opinions. Id. The court inWindmill Inns noted that, in one of those opinions, the Supreme Court ruled that "to be aggrieved the person must have a pecuniary interest in the outcome," and suggested that the Supreme Court's opinion "implies a requirement that the decision or order adversely impact the pecuniary interest [of the party appealing]." Windmill Inns,14 OTR at 273 (citing NW Medical Lab. v. Good Samaritan Hospital,309 Or 262, 786 P2d 718 (1990)). The court in Windmill Inns then stated that the requirement of a pecuniary interest is "consistent withPeople for Ethical Treatment v. Inst. Animal Care,312 Or 95, 817 P2d 1299 (1991), where the court held that the appealing party must be able to show some injury." Windmill Inns,14 OTR at 273. Accordingly, this court has ruled that, where the requested reduction in value will not reduce taxes, the taxpayer has no pecuniary interest, and suffers no injury from the court's refusal to lower the RMV.
Plaintiffs have asked the court to reduce the RMV from $251,980 to $181,980, while the *Page 3 
MAV and AV are only $45,500. The requested reduction to $181,980 would not reduce Plaintiffs' MAV or AV, because the AV is the lesser of RMV or MAV. See ORS 308.146(2). Moreover, Defendant confirmed at the November 1, 2011, proceeding, that Plaintiffs' requested RMV reduction would not affect their property tax liability. Because there would be no tax savings, Plaintiffs are not aggrieved in the court lacks jurisdiction to hear their appeal. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion To Dismiss is granted and Plaintiffs' value appeal for the 2010-11 tax year is dismissed.
Dated this ____ day of November 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the date ofthe Decision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinsonon November 8, 2011. The Court filed and entered this documenton November 8, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] Appeals to BOPTA are governed by ORS chapter 309. ORS 309.026(2) allows taxpayers to appeal AV, RMV, and MAV. ORS 309.110(7) provides for appeal of BOPTA orders to the Tax Court. Appeals filed with the Tax Court are first heard by the Magistrate Division. ORS 305.275(1).