IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JOHN HUNTER and PER NAS,      )
                                     )
        Plaintiffs,             )    TC-MD 120309C
                                     )
        v.                      )
                                     )
MULTNOMAH COUNTY ASSESSOR,   )
                                     )
        Defendant.        )    **DECISION OF DISMISSAL**

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed

May 8, 2012, requesting dismissal of the Complaint because Plaintiffs are not "aggrieved" under

ORS 305.275.[1]  The court and parties discussed the Motion during the June 11, 2012, case

management conference.  Plaintiff John Hunter (Hunter) appeared for Plaintiffs.  Stephanie

McQuown and Jeff Brown represented Defendant.

## I.  STATEMENT OF FACTS

Plaintiffs appealed to the Multnomah Board of Property Tax Appeals (BOPTA) the value

of property identified as Account R297900 (subject property) for tax year 2011-12.  (Ptfs' Compl

at 2.)  In an Order issued on March 14, 2012, BOPTA upheld the subject property's 2011-12 real

market value (RMV) of $433,020 and assessed value (AV) of $222,300.  (*Id*.)  Plaintiffs filed an

appeal with this court on April 16, 2012, challenging the BOPTA Order.  (*Id*. at 1.)  By their

Complaint, Plaintiffs alleged that the 2011-12 AV and RMV of the subject property were "too

high."  (*Id*.)  Plaintiffs have requested a reduction in AV from $222,300 to $170,000.  (*Id*.)

Plaintiffs have not requested a reduction in the RMV of the subject property.

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

In a Motion to Dismiss, filed May 8, 2012, Defendant asserted that Plaintiffs have "not alleged facts showing that [P]laintiff[s] [are] 'aggrieved' within the meaning of ORS 305.275 because [P]laintiff[s] [have] requested a reduction in maximum assessed value that is contrary to ORS 308.146." (Def's Mot to Dismiss at 1.) At the June 11, 2012, case management conference, Defendant again asserted that Plaintiffs are not aggrieved for purposes of ORS 305.275, and, therefore, cannot pursue an appeal before this court. Hunter responded that Plaintiffs have requested a reduction in AV on the subject property because the taxes they pay on the property are two to three times higher than taxes levied on similar neighboring properties.

## II. ANALYSIS

Under ORS 305.275, a taxpayer must have standing to appeal a property tax value to the Oregon Tax Court. ORS 305.275. To have standing, the taxpayer must demonstrate that he or she is "aggrieved" as delineated in ORS 305.275. ORS 305.275(1)(a). To be aggrieved, the taxpayer must have an "immediate claim of wrong." *Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000). Such an "immediate claim of wrong" occurs when a taxpayer requests a reduction in property value that, if successful, would create a corresponding reduction in the taxpayer's property taxes for the subject year. *Paris v. Dept. of Rev.*, 19 OTR 519, 521 (2008); *Parks Westsac L.L.C. v. Dept. of Rev.*, 15 OTR 50, 52 (1999). Without that reduction, or tax savings, the taxpayer does not "have a pecuniary interest in the outcome [of the appeal] * * * [,]" *Windmill Inns of America, Inc. v. Dept. of Rev.*, 14 OTR 271, 273 (1998), and, therefore, cannot show that he or she is statutorily aggrieved. *Repp v. Wasco County Assessor*, TC-MD No 100345C at 2-3 (Aug 31, 2010).

Here, Plaintiffs feel that, in relation to neighboring properties, the taxes on the subject property are disproportionately high. To resolve this, Plaintiffs have requested a reduction in AV

from $223,000 to $170,000; they believe the reduction in AV will result in a diminution of their 2011-12 property taxes. (Ptfs' Compl at 1.) The 2011-12 RMV of the subject property is $433,020. (*Id*. at 2.) Although Plaintiffs have indicated that the RMV of the subject property is "too high[,]" they have not requested a decrease in the RMV, nor have they demonstrated that any reduction is warranted. (*Id*. at 1.) While Plaintiffs are correct in believing that property taxes are imposed based upon the property's AV, per ORS 310.090, they do not provide legal authority to substantiate the requested reduction in AV without a corresponding change to RMV.

Under the current property tax system in Oregon, taxes are levied based upon the property's AV, which is the lesser of either the RMV or the maximum assessed value (MAV) of the property. ORS 310.090; ORS 308.146(2). The MAV for each property was created and fixed upon the enactment of Measure 50 in 1997; the 1997 Measure 50 MAV for a property was based upon the 1995 RMV of the property and then incrementally increased each year by "[no] more than three percent from the [MAV of the] previous tax year." Or Const, Art XI, § 11(1)(b); *see* Or Const, Art XI, § 11(1)(a); ORS 308.146(1). As a result of Measure 50, the value of a property continues upon two parallel, but not necessarily equal, planes: (1) the RMV, which is reflective of the property's value in an arm's-length voluntary transaction on the date of assessment, and (2) the MAV, which is a modestly, but steadily, increasing valuation based upon the MAV of the prior tax year. ORS 308.232; ORS 308.205; ORS 308.146(1). Although both are used as a form of determining the value of a property, the two valuation planes do not draw upon one another; RMV mirrors the market, while MAV is merely math. *Gall v. Dept. of Rev.*, 17 OTR 268, 270 (2003). Ultimately, the lesser of the two values creates the AV, or the taxed value, of a property; this means that the AV can commute between MAV and RMV from year-to-year depending upon the changes in the individual values. ORS 308.146(2). Because

MAV increases at such a modest rate, a residential property typically holds a MAV that is considerably lower than the RMV during any given year. *Knoll v. Clackamas County Assessor*, TC-MD 080514C at 2-3 (Sep 4, 2008).

The 2011-12 MAV of the subject property is $223,000; the RMV noted on the BOPTA Order for tax year 2011-12 is $433,020. (Ptfs' Compl at 2.) Therefore, the AV of the subject property reflects the MAV. Unlike an RMV, the court cannot reduce a property's MAV. *Taylor v. Clackamas County Assessor*, 14 OTR 504, 510 (1999); *Gissel v. Clackamas County Assessor*, TC-MD No 080512D at 5 (Oct 6, 2008) (holding that "[t]he Oregon Constitution makes no provision for reducing the maximum assessed value."). Because the subject property's AV is calculated based upon the MAV, which is a pure mathematical adjustment, the court cannot simply refashion Plaintiffs' AV to create a property tax liability uniform with similar adjacent properties, as Plaintiffs' have request. *Ellis v. Lorati*, 14 OTR 525, 535 (1999) (holding that the concept of MAV "may, over time, result in various degrees of nonuniformity in the property tax system[,]" and that the constitution provision "contemplates this [nonuniformity] and excuses itself from complying with other constitutional provisions requiring uniformity[.]").

Instead, when a property, such as the one here, holds a RMV that is significantly larger than the MAV, a taxpayer must show a dramatic drop in RMV, such that it would fall below the MAV, in order to realize a tax savings. *Sherman v. Dept. of Rev.*, 17 OTR 322 (2004). Plaintiffs have not requested a reduction in RMV for the subject property, nor does the court see that one is warranted. Because the court lacks the authority to make adjustments to MAV, and Plaintiffs have not requested a reduction in RMV, the court cannot adjudicate this appeal in a manner that would produce tax savings for the Plaintiffs. *Oden-Orr v. Multnomah County Assessor*, TC-MD No 070295C, WL 1745220 * 1 (2007). As a result, Plaintiffs have no immediate claim of wrong

and cannot be aggrieved under 308.275; they, therefore, have no standing to bring this appeal.

The appeal must be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ____ day of June 2012.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on June 26, 2012. The Court filed and entered this document on June 26, 2012.*