IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

JJWIN INVESTMENT
and JOHN J. WINTERS,

        Plaintiffs,              )   TC-MD 150079C

      v.

MULTNOMAH COUNTY ASSESSOR,

        Defendant.          )   **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered on June 30, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. See TCR MD 16 C(1).

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed May 18, 2015. Defendant asserts in its Motion that "Plaintiff has not alleged facts showing that plaintiff is 'aggrieved' within the meaning of ORS 305.275 because plaintiff has not requested a reduction in real market value which will result in any reduction in tax payable by plaintiff for the year in question." (Def's Mot at 1 (citing *Kaady v. Dept. of Rev.*, 15 OTR 124 (2000).)

The court heard argument on the Motion at a telephone conference held June 11, 2015. Plaintiff John J. Winters (Winters), owner and authorized representative of Plaintiff JJWIN Investment, appeared for Plaintiffs. Defendant was represented by Scarlet Weigel (Weigel), Multnomah County Assessor's office.

I. STATEMENT OF FACTS

The parties agreed to the following facts. The subject property is identified in the assessor's records as Account R322126. (Am Compl at 1.) The tax year at issue is 2014-15.

(*Id.*)  Plaintiff requested a real market value of $327,000 and an assessed value of no more than $244,780.  (*Id.*)

The Multnomah County Board of Property Tax Appeals sustained the real market value on the assessment and tax rolls of $578,310 for the 2014-15 tax year.  (Compl at 3.)  The subject property's maximum assessed value for that tax year was $267,050, and its assessed value was also $267,050.  (*Id.*)

Weigel stated that a reduction in the subject property's tax roll real market value from $578,310 to Plaintiffs' requested value of $327,000 would not generate a tax savings because the subject property's maximum assessed value was $267,050, and under ORS 308.146(2) the assessed value would still be $267,050.

Defendant attached a "Tax And Compression Worksheet" to its Motion.  (Def's Mot Dismiss at 2.)  That document showed no tax savings.

## II.  ANALYSIS

ORS 305.275(1)[1] and (3) govern appeals to the magistrate division of the Oregon Tax Court from an order of a county board of property tax appeals (BOPTA).[2]  ORS 305.275(1)(a) requires a taxpayer to be "aggrieved," which this court has interpreted to mean that the requested reduction in value, if granted, would reduce the property taxes.  *Paris v. Dept. of Rev.* (*Paris*), 19 OTR 519, 521-22 (2008).  In *Paris*, the court held that it lacked jurisdiction because taxpayers were not aggrieved as required by ORS 305.275.  *Id.* at 523.  Taxpayers were not aggrieved because their requested reduction in the real market value still exceeded the property's maximum

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2013.

[2] Appeals to BOPTA are governed by ORS chapter 309.  ORS 309.026(2) allows taxpayers to appeal assessed value, real market value, and maximum assessed value.  ORS 309.110(7) provides for appeal of BOPTA orders to the Tax Court.  Appeals filed with the Tax Court are generally first heard by the Magistrate Division.  *See* ORS 305.501(1).

assessed value and assessed value, and there was "[n]o showing * * * that the requested reduction in [real market value] would reduce taxpayers' property tax liability." *Id.* at 521; *see also Sherman v. Dept. of Rev.*, 17 OTR 322, 323 (2004) (ruling taxpayers not aggrieved where requested reduction in real market value will not affect property taxes); *Kaady v. Dept. of Rev.*, 15 OTR 124, 125 (2000) (ruling that "[i]n requiring that taxpayers be 'aggrieved' under ORS 305.275, the legislature intended that the taxpayer have an immediate claim of wrong").

Additional authority and rationale for this court's repeated rulings that, for a taxpayer to be aggrieved under ORS 305.275, victory for the taxpayer must generate a tax savings can be found in *Windmill Inns of America, Inc. v. Dept. of Rev.* (*Windmill Inns*), 14 OTR 271, 273 (1998). In *Windmill Inns*, the court observed that, although ORS 305.275 requires that a taxpayer be "aggrieved," the statute does not define the term "aggrieved." *Id*. The court cited two earlier Oregon Supreme Court opinions. *Id*. The court noted that, in one of those opinions, the Supreme Court indicated that "to be aggrieved the person must have a pecuniary interest in the outcome[,]" and suggested that the Supreme Court's opinion "implies a requirement that the decision or order adversely impact the pecuniary interest [of the party appealing]." *Windmill Inns*, 14 OTR at 273 (citing *NW Medical Lab. v. Good Samaritan Hospital*, 309 Or 262, 786 P2d 718 (1990)). The court in *Windmill Inns* then stated that the requirement of a pecuniary interest is "consistent with *People for Ethical Treatment v. Inst. Animal Care*, 312 Or 95, 817 P2d 1299 (1991), where the court held that the appealing party must be able to show some injury." *Id*.

### III. CONCLUSION

Because Plaintiffs' requested relief would not generate a tax savings, they are not aggrieved by Defendant's action and the court lacks jurisdiction to hear their appeal. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.

Dated this ___ day of July 2015.

 

 

DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*The court filed and entered this document on July 20, 2015.*